# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JAMUAL S. BURKS,** | CASE NO. 3:25 CV 1640 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **TOLEDO CORRECTIONS "INSPECTOR" M. JENKINS,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## BACKGROUND

*Pro se* Plaintiff Jamual S. Burks, an Ohio inmate incarcerated in the Toledo Correctional Institution ("ToCI"), has filed an *in forma pauperis* prisoner civil rights complaint in this case against ToCI "Institutional Inspector" M. Jenkins. (Doc. 1-4).

Plaintiff's handwritten Complaint is largely unclear and difficult to parse, but it pertains to the alleged confiscation or destruction of his property. Plaintiff states he was escorted to TPU in March 2025 by corrections officers and told his property would be packed up. *Id*. at 3-4. He complains, however, his property was "missing" when he was released from TPU and he received a conduct report "about having an excessive amount of papers." *Id*. at 4.

Plaintiff states corrections officers "destroyed" his property and that he was "told [to] kite Inspector M. Jenkins." *Id*. at 5. He asserts Jenkins told him that he had Plaintiff's property but Plaintiff had to file a cash slip to send the property home. *Id*. Plaintiff seeks monetary compensation and for the Court to "have Inspector Jenkins change his attitude at his job toward all inmates." *Id*. at 6.

## STANDARD OF REVIEW AND ANALYSIS

*Pro se* pleadings are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations" or create claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* prisoner complaints seeking redress from governmental officials, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). In addition, the complaint's allegations must contain sufficient facts to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The Court finds Plaintiff's complaint against Inspector Jenkins warrants *sua sponte* dismissal pursuant to §§ 1915(e)(2)(B) and 1915A. As an initial matter, Plaintiff's unclear allegations fail to meet basic federal notice pleading requirements necessary to state any claim in federal court against Jenkins. *See, e.g., Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th

2

Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). It is not clear from Plaintiff's pleading what specifically his federal claims against Inspector Jenkins are or the factual grounds upon which such claims rest.

Further, even liberally construed, Plaintiff's Complaint fails to allege a plausible constitutional claim with respect to the destruction of his property. Any such claims, however, are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act of a state employee," *id.* at 541, including "the unauthorized failure of agents of the State to follow established state procedure," *id.* at 543, has "not alleged a violation of the Due Process Clause of the Fourteenth Amendment," *id.*, where "[t]he [s]tate provides a remedy to persons who believe they have suffered a tortious loss at the hands of the [s]tate," *id.*, and the state "remedies provided could have fully compensated the [plaintiff] for the...loss he suffered...they [can be] sufficient to satisfy the requirements of due process," *id.* at 544.

That is, if an adequate state post-deprivation remedy exists, a deprivation is not "without due process of law." *Id.* at 537 (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)); *see also Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury.").

A prisoner claiming the deprivation of a property interest "must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (explaining that

"a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong")

Where a plaintiff fails to do so, dismissal of his complaint for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (upholding dismissal of procedural due process claim where the plaintiff had "not pled or shown that [the state's] judicial remedies are inadequate"); *Ruiz v. Fisher*, 1998 WL 661139, at *5 (6th Cir.) (concluding the plaintiff had failed to state a due process claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Plaintiff's Complaint is premised on allegations state employees confiscated or destroyed his property, but he has failed to plead post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate any property-deprivation claim he asserts. Accordingly, his complaint fails to allege a plausible constitutional claim as to his property. *See, e.g.*, *Finnell v. DeWine*, 2024 WL 4553039, at *2 (S.D. Ohio) (dismissing a prisoner's deprivation of property claim where prisoner failed to provide sufficient "factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate his property-deprivation claim").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


                                         s/ *James R. Knepp II*
                                         UNITED STATES DISTRICT JUDGE

Dated: December 31, 2025